against the defendant. Willins v. Wheeler, 8 Abb. Prac. 116; Allison v. Preserve Co., 20 Misc. Rep. 367, 45 N. Y. Supp. 923.

The judgment appealed from must be reversed, with costs.

---

### LEVIN v. SPERO.

#### (Supreme Court, Appellate Term.   January 2, 1901.)

CONTRACTS—SUBSTANTIAL PERFORMANCE—EVIDENCE.

    Where plaintiff testified that he did certain repairing, for the value of which he sought to recover, and defendant's uncontradicted testimony showed that the work was done in an unworkmanlike and improper manner, there was not sufficient evidence to support a finding of substantial performance.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action on contract by Morris Levin against Sarah R. Spero. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

N. S. Levy, for appellant.

James, Scheel & Elkus, for respondent.

PER CURIAM. The plaintiff, to show performance of a contract to provide a new store front and to do certain repairing, testified that he put in the front and did the work. The defendant presented evidence that the work was done in an unworkmanlike and improper manner. This evidence was uncontradicted. To warrant the judgment, there must have been a finding of a substantial performance, and such a finding is unsupported by the evidence, in view of the fact that the plaintiff did not describe the execution of the work as workmanlike or proper. The evidence did not show that the charge for extra work was reasonable. This may, however, be an unimportant omission, as it is not referred to by appellant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

### STRAUSS v. UNION CENT. LIFE INS. CO.

#### (Supreme Court, Special Term, Kings County.   January, 1901.)

COSTS—EXTRA ALLOWANCE.

    Under Code Civ. Proc. § 3253, permitting an extra allowance of not exceeding 5 per cent. on the value of the subject-matter in a difficult and extraordinary case, in an action to reinstate a life insurance policy an extra allowance cannot be granted plaintiff, where the value of the policy is not shown.

Action by Jacob Strauss against the Union Central Life Insurance Company. Application by plaintiff for an extra allowance. Motion denied.

H. B. Heylman, for plaintiff.

Gilbert E. Roe, for defendant.

GAYNOR, J. This was a suit in equity to have a cancellation of a life insurance policy by the defendant declared unlawful, and to reinstate the policy; and the plaintiff prevailed. 67 N. Y. Supp. 509. The plaintiff moves for an extra allowance under section 3253 of the Code of Civil Procedure, which permits the giving of such an allowance to either or any party "in a difficult and extraordinary case where a defence has been interposed in an action." If this be followed no such allowance can be given except in an action where a "defence" has been interposed. A "defence" in the nomenclature of pleading is a plea of "new matter" in the answer which constitutes a defence to the alleged cause of action even though the allegations of the complaint be taken as true. It can only be of new matter, i. e., matter which cannot be given in evidence under a denial, such as a general release, payment, another action pending, that the contract sued upon is fraudulent, that the slander or libel sued for is true, and so on; i. e., matter in respect of which the burden of proof is on the defendant. Code Civ. Proc. § 500; Cruikshank v. Publishing Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678, and cases there cited. But the courts do not seem to have interpreted the word "defence" in section 3253 in the scientific and accurate sense which it has and always has had in pleading. They interpret it, strangely enough, to mean "answer" or even "demurrer," which it does not mean and never meant. They do not even interpret it to mean the contest or opposition which a defendant makes on a trial, and which laymen call a defence, for an allowance is habitually allowed, in the first and second judicial departments, at least, where the complaint is dismissed for the plaintiff's default, or a judgment is taken against the defendant on his default, when the cause is reached for trial. How such a confusion of words and ideas arose in the profession it is now useless to inquire. If the answer here were to be considered as not pleading a "defence," but only denials, or a general denial, (although it purports to plead so-called "defences"), nevertheless under what has come in some way to be the settled practice, the court may grant the plaintiff an extra allowance of not to exceed 5 per cent. on the "value of the subject-matter involved." But there is nothing before me to show the value of this policy, which is the subject-matter involved. Such value is not the amount of the policy. I suppose it has a present or surrender value, but I am referred to no law or basis on which to fix it.

The motion is denied.